IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 3:23-cv-834

| | |
|---|---|
| KIMBERLY D. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | NOTICE OF REMOVAL |
| PARTNERS HEALTH MANAGEMENT, ) | |
| ) | |
| Defendant. ) | |

Defendant Partners Health Management ("**Defendant**"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 hereby gives notice of the removal of the above-captioned action from the Mecklenburg County Superior Court, State of North Carolina, to the United States District Court for the Western District of North Carolina. As explained further below, this Court has removal jurisdiction under 28 U.S.C. § 1441 because Plaintiff's claims raise a federal question over which this Court has original jurisdiction under 28 U.S.C. § 1331 and this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

## PROCEDURAL STATEMENT

1. On or about October 12, 2023, Plaintiff Kimberly D. Miller ("**Plaintiff**") filed a Complaint in North Carolina Superior Court, Mecklenburg County titled *Kimberly D. Miller v. Partners Health Management*, Case No. 23-CV-029149-590 (the "**State Court Action**").

2. Defendant, by and through its undersigned counsel, accepted service of the Summons and Complaint in the State Court Action on November 6, 2023, which is the effective

date of service. Therefore, this Notice of Removal is timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A**. Plaintiff has not served, and Defendant has not received, any other process, pleadings, or orders in the State Court Action.

4. Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the Western District of North Carolina is proper because the district embraces the Mecklenburg County Superior Court, State of North Carolina, where this action is currently pending.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal in the Mecklenburg County Superior Court, State of North Carolina and give written notice of the removal to Plaintiff. A true and correct copy of this Notice of Filing is attached as **Exhibit B**.

### REMOVAL JURISDICTION BASED ON FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

6. Plaintiff alleges violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("**ADA**"); violations of the Age Discrimination in Employment Act, 29 U.S. Code § 623, *et seq.* ("**ADEA**"), and wrongful discharge in violation of public policy.

7. This is a civil action over which this Court has removal jurisdiction under 28 U.S.C. § 1441, which generally allows the removal of "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

8. Here, federal courts have original jurisdiction over Plaintiff's ADA and ADEA claims under 28 U.S.C. § 1331 because they "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, this Court has supplemental jurisdiction over Plaintiff's state law claim for wrongful discharge in violation of public policy under 28 U.S.C. § 1367 because they are "so related to the claims in the action within such original jurisdiction" that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## RESERVATION OF RIGHTS AND DEFENSES

9. Defendant expressly reserves all rights, defenses, and objections to the Summons and Complaint, the State Court Action, or any other action brought by or on behalf of Plaintiff, including but not limited to defenses and objections as to personal jurisdiction and venue. Defendant files this Notice of Removal without waiving any such rights, defenses, and objections and intends no admission of fact, law, or liability by filing this Notice. This includes, but is not limited to, any objections to the jurisdiction of this Court which may be available to Defendant.

10. Defendant reserves the right to amend or supplement this Notice of Removal.

This the 6th day of December, 2023.

*/s/ Nicole K. Haynes*
Jared E. Gardner (N.C. State Bar No. 28275)
Nicole K. Haynes (N.C. State Bar No. 47793)
Gardner Skelton PLLC
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 335-0350
Fax: (704) 390-7027
Email: jared@gardnerskelton.com
Email: nhaynes@gardnerskelton.com
*Attorneys for Defendant Partners Health Management*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that I have mailed the document by Priority Mail to the following non-CM/ECF participants at the address below and also provided a courtesy copy by email:

Joshua R. Van Kampen
Van Kampen Law, PC
315 E Worthington Ave.
Charlotte, North Carolina 28203
Phone (704) 247-3245
Fax: (704) 749-2638
Email: josh@vankampenlaw.com
*Attorney for Plaintiff*

This the 6th day of December, 2023.

*/s/ Nicole K. Haynes*
Jared E. Gardner (N.C. State Bar No. 28275)
Nicole K. Haynes (N.C. State Bar No. 47793)
Gardner Skelton PLLC
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 335-0350
Fax: (704) 390-7027
Email: jared@gardnerskelton.com
Email: nhaynes@gardnerskelton.com
*Attorneys for Defendant Partners*
*Health Management*

4
Case 3:23-cv-00834-GCM   Document 1   Filed 12/06/23   Page 4 of 4